**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HOWARD HACEESA,

       Petitioner,

v.                                                                                                        No. CV 15-00420 JCH/CG

JEFF WRIGLEY, et al.,

       Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner Howard Haceesa's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* ("Petition"), (Doc. 1), filed on May 15, 2015; *Respondents' Answer to Howard Haceesa's Pro Se Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* ("Response"), (Doc. 8), filed on July 30, 2015; and *Petitioner's Response to State Reply: In Re: 28 U.S.C. §[§] 2254* ("Reply"), (Doc. 9), filed on September 1, 2015.  After careful review and consideration of the filings, the Court **RECOMMENDS** that the Petition be **DISMISSED WITH PREJUDICE**.

**I.**      **Background**

Petitioner is currently incarcerated at the Lea County Correctional Facility in Hobbs, New Mexico. (Doc. 1 at 2). On May 14, 2012, pursuant to a *Plea and Disposition Agreement*, Petitioner pled guilty in Case No. D-1116-CR-2012-00018 in the Eleventh Judicial District Court in the County of San Juan, New Mexico. (Doc. 8-1 at 7–13). Petitioner pled guilty to the following offenses: (i) homicide by vehicle (driving while under the influence of intoxicating liquor or any drug); (ii) a second count of homicide by vehicle (driving while under the influence of intoxicating liquor or any drug); and (iii)

great bodily harm by vehicle (driving while under the influence of intoxicating liquor or any drug). (*Id.* at 7–8). The *Judgment, Sentence and Commitment to the New Mexico Department of Corrections* was entered on June 1, 2012, sentencing Petitioner to a fifty-one (51) year term of incarceration. (*Id.* at 1–5). There is no record of Petitioner filing a direct appeal of his conviction in state court. (*Id.* at 63–65).

Petitioner filed a petition for a writ of habeas corpus with the Eleventh Judicial District Court of New Mexico on May 28, 2013, (*Id.* at 17–22), which was summarily dismissed on June 14, 2013. (*Id.* at 23–24). Petitioner then filed a *Petition for Writ of Certiorari to the Eleventh District Court of New Mexico*, (*Id.* at 25–34), which was also denied by the Supreme Court of the State of New Mexico on August 2, 2013. (*Id.* at 37).

On May 15, 2015, Petitioner requested habeas review of his conviction in Case No. D-1116-CR-2012-00018 from this Court pursuant to 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 1). Petitioner alleges that in the underlying state criminal proceedings his constitutional rights were violated on the grounds that: (i) he was denied effective assistance of counsel under the Sixth Amendment; (ii) he received sentence enhancements on all three counts of his conviction, which are essentially the same offense, in violation of the Fifth Amendment; and (iii) his sentence of fifty-one years of imprisonment constitutes cruel and unusual punishment under the Eighth Amendment. (Doc. 1 at 3, 4, 7). In describing the procedural history of the underlying criminal matter, Petitioner states that he filed his first state petition for a writ of habeas corpus on May 28, 2013, and a second state petition for a writ of habeas corpus on May 16, 2014. (Doc. 1 at 3).

Respondents argue that the Petition should be dismissed because it is time-barred under 28 U.S.C. § 2244(d)(1)(A), and neither statutory or equitable tolling is proper. (Doc. 8 at 1, 7–10).

## II.     Standard of Review

Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

## III.    Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one year time period within which a prisoner must file his petition for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one year limitation period begins from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244 (d)(1).

The limitations period under AEDPA may be subject to both statutory and equitable tolling. Indeed, by statute, the year-long time limit is tolled while a petitioner is seeking post-conviction relief or other collateral review with the state. 28 U.S.C. § 2244(d)(2). The Tenth Circuit has also recognized that equitable tolling of the one-year statute of limitations may be available in certain circumstances. *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Unless Petitioner demonstrates that he is "actually innocent," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). "As a result, equitable tolling is appropriate only in 'rare and exceptional circumstances.'" *Sigala*, 656 F.3d at 1128 (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Indeed, "simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (internal citations omitted).

Here, judgment was entered on Petitioner's sentence on June 2, 2012. (Doc. 8-1 at 1–5). Because Petitioner did not file a direct appeal of his sentence, his conviction became "final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006). Accordingly, Petitioner's conviction became final thirty days after entry of the judgment, or July 2, 2012. N.M.S.A. § 39-3-3(a)(1) (1978). Under AEDPA, the one year limitations period for

Petitioner to file a habeas petition began on July 2, 2012 and ended on July 2, 2013.  28 U.S.C. § 2244(d)(1)(A).

Petitioner then filed his first habeas petition in state court on May 28, 2013, triggering AEDPA's statutory tolling provisions.[1] (Doc. 8-1 at 17–22); *See* 28 U.S.C. § 2244(d)(2). At that point, 330 days had elapsed since Petitioner's conviction became final and AEDPA's one year limit began to run. Petitioner's first state habeas petition was dismissed on June 14, 2013. (Doc. 8-1 at 23–24). Subsequently, Petitioner timely filed a *Petition for Writ of Certiorari to the Eleventh District Court of New Mexico*, (*Id.* at 25–34), which was also denied by the Supreme Court of the State of New Mexico on August 2, 2013. (*Id.* at 37). Thereafter, Petitioner had ninety days to petition for a writ of certiorari from the United States Supreme Court. *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012). After that time period, which ended on October 31, 2013, Petitioner's state habeas proceeding was no longer "pending" under the statute, and the remaining thirty-five days under AEDPA's year-long limitation began to run. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). As a result, in order to be timely, Petitioner was required to have filed his Petition on or before December 5, 2013. Petitioner filed the instant Petition on May 15, 2015—over one year and five months beyond the deadline under AEDPA. Thus, the Petition is untimely.

In the Petition, Petitioner refers to subsequent habeas proceedings in state court, including his second state petition for a writ of habeas corpus, filed on May 16, 2014.

---

[1] Petitioner does not dispute that he filed his first state habeas petition on May 28, 2013. (Doc. 1 at 3).

(Doc. 1 at 3; Doc. 8-1 at 38–42). To the extent Petitioner argues that his second state habeas petition should also toll AEDPA's one year period, that argument is without merit. Indeed, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (internal citations omitted). As described above, under AEDPA, Petitioner was to have filed his Petition on or before December 5, 2013. Thus, Petitioner's second state habeas petition, filed months after the statute of limitations had expired, was not "properly filed" under the statute, and does not toll his federal claim. *See id.*

In his Reply, Petitioner argues that Respondents have miscalculated the period in which the AEDPA time limitations should have been tolled. (Doc. 9 at 1). Petitioner states that the "U.S. Supreme Court allows one (1) year plus 90 days which with equitable tolling would calculate to May 28, 2015." (*Id.* at 2). In support, Petitioner cites to *Locke v. Saffle*, for the proposition that AEDPA's one year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. 237 F.3d 1269, 1272–73 (10th Cir. 2001). This argument is also unpersuasive.

First, the discussion in *Locke* regarding the ninety day limitation to petition for a writ of certiorari in the U.S. Supreme Court is in the context of "the conclusion of direct review" of the conviction. Here, the record demonstrates that Petitioner did not directly appeal his conviction, and therefore, for purposes of AEDPA, the conviction became final after the expiration of the time for seeking that review, or thirty days. *See* N.M.S.A. § 39-3-3(a)(1) (1978). In any event, even if Petitioner were provided an extra ninety

days to file his federal habeas petition, he would have had to do so by March 5, 2014. Neither his second state habeas petition, nor the instant Petition, was filed by that date.

Second, Petitioner fails to make any showing that the limitations period should be equitably tolled. Petitioner alleges no facts which suggest that he is actually innocent, or: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala*, 656 F.3d at 1128 (internal citations omitted). Thus, the Court finds that this case does not present the "rare and exceptional circumstances" in which equitable tolling is appropriate. *Id.* (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Therefore, this Court finds that the *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* is time-barred.

## IV. Recommendation

For the foregoing reasons, this Court **RECOMMENDS** that Petitioner Howard Haceesa's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254*, (Doc. 1), be **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE